**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**CORNELIOUS FISHER, and**                                          **PLAINTIFFS**
**ELIZABETH B. FISHER**

**V.**                                                          **NO. 4:21-CV-8-DMB-JMV**

**THE BANK OF MELLON, et al.**                                      **DEFENDANTS**

**ORDER**

Cornelious and Elizabeth Fisher filed a pro se complaint in state court alleging various claims against numerous defendants regarding the handling of their home mortgage loan. Following removal of the case to federal court, the defendants challenge the sufficiency of the complaint's allegations, and the Fishers seek entry of default and a default judgment against one defendant. The Fishers' request for entry of default and a default judgment will be denied for failure to satisfy procedural requisites. And because the Court finds the Fishers' complaint fails to state a claim but the Fishers should be allowed the opportunity to cure their deficient allegations, their claims will be dismissed without prejudice to seeking leave to amend.

**I
Procedural History**

On December 23, 2020, Cornelious Fisher and Elizabeth B. Fisher filed a pro se complaint in the Circuit Court of Washington County, Mississippi, against "The Bank of Mellon, *aka*, The Bank of New York, as Trustee; Novastar Mortgage, Inc., *Asset Backed certificates Series 2003-1*; Jauregui & Lindsay, LLC, as Trustee; PHH Mortgage Services; 'MERS' Mortgage Electronic Registration Systems, Inc.; and Does 1-20, Inclusive." Doc. #2 at 2. The complaint contains thirteen "Causes of Action," respectively titled: (1) "Chain of Title Fraudulently Broken in the Securitization Process and Novastar Inc., MERS or Other Defendants Cannot Enforce the Deed of

Trust;" (2) "Defendants Lack Standing to Foreclose;" (3) "Wrongful Foreclosure;" (4) "When MERS Is The Nominated Registry or the Foreclosing Mortgagee and No Assignments Are Recorded, The Borrower Does Not Know On Whose Behalf The Foreclosure Is Being Conducted;" (5) "The MERS System is Sharply Criticized and Should Not be Allowed to Take Plaintiffs' Property;" (6) "Violation of Real Estate Settlement & Procedures Act;" (7) "Fraud in the Concealment;" (8) "Intentional Infliction of Emotional Distress;" (9) "Declaratory Relief;" (10) "Violation of Dodds-Frank [sic] Act 2010;" (11) "Violation of TILA 15 U.S.C. § 1601, et. seq.;" (12) "Violation of RESPA, 1 U.S.C. § 2601 et. seq.;" and (13) "Preliminary and Permanent Injunctive Relief." Doc. #2 at 11–26. On January 28, 2021, PHH Mortgage, the Bank of New York Mellon ("BONY"),[1] and MERS, with the consent of Jauregui & Lindsey,[2] removed the action to the United States District Court for the Northern District of Mississippi, asserting federal question jurisdiction based on the RESPA, Dodd-Frank, and TILA claims. Doc. #1.

After receiving an extension to respond to the complaint,[3] PHH Mortgage, BONY, and MERS moved to dismiss the complaint on March 8, 2021. Doc. #11. The same day, Jauregui & Lindsey joined their motion. Doc. #13. The motion is fully briefed. Docs. #12, #24, #25.

On June 10, 2021, the Fishers filed a motion for default judgment against Novastar. Doc. #27. Eighteen days later, the Fishers moved for an entry of default against Novastar.[4] Doc. #28.

## II
## Motions for Default and for Default Judgment Against Novastar

To grant a party's request for a default judgment, there first must be a default by the

---

[1] BONY lists itself as "f/k/a The Bank of New York as Trustee for NovaStar Mortgage Funding Trust Series 2003-1, NovaStar Home Equity Loan Asset-Backed Certificates Series 2003-1." Doc. #1.

[2] Doc. #5.

[3] Doc. #8.

[4] The Clerk of Court initially entered default against Novastar on June 28, 2021, but later the same day, noted that the default had been entered in error because the docket did not show Novastar had been served.

defendant, followed by the clerk's entry of default. Fed. R. Civ. P. 55. "A default occurs when a defendant has failed to plead or otherwise respond to the complaint within the time required by the Federal Rules. An entry of default is what the clerk enters when the default is established by affidavit or otherwise." *N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996) (emphases omitted); *see* Fed. R. Civ. P. 55(a) ("When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.").

The Fishers filed their motion for default judgment against Novastar without a prior entry of default against Novastar. And while their subsequent motion for an entry of default includes Cornelious' affidavit in which he represents that Novastar "was duly served with a copy of the summons, together with a copy of plaintiffs' complaint, on the 23rd day of December, 2020," Doc. #28,[5] no proof of service has been filed. *See* Fed. R. Civ. P. 4(l)(1) ("Unless service is waived, proof of service must be made to the court. Except for service by a United States marshal or deputy marshal, proof must be by the server's affidavit."). "Until [a defendant] is properly served, [plaintiffs] cannot obtain a default judgment." *Thompson v. Johnson*, 348 F. App'x 919, 923 (5th Cir. 2009). Because the Fishers have not established proper service on Novastar, their motion for an entry of default is denied. And because an entry of default is required before a default judgment may be issued, the Fishers' motion for a default judgment is also denied. *See id.*; *see also Alamo 1 Specialized Trucking, Inc. v. Bay Crane Servs. of New Jersey, Inc.*, No. 5:18-CV-386, 2018 WL 8619801, at *1 (W.D. Tex. July 27, 2018) ("[I]t is axiomatic that service of process must be effective under the Federal Rules of Civil Procedure before a default or a default judgment may be entered against a defendant.") (collecting cases).

---

[5] The affidavit fails to provide any details about the purported service.

**III**
**Motion to Dismiss**

"To survive a Rule 12(b)(6) motion to dismiss, a complaint does not need detailed factual allegations, but must prove the plaintiff's ground for entitlement to relief—including factual allegations in a complaint that when assumed to be true raise a right to relief above the speculative level." *White v. U.S. Corr., L.L.C.*, 996 F.3d 302, 307 (5th Cir. 2021) (internal quotation marks omitted).  A court must "accept all well-pled facts as true, construing all reasonable inferences in the complaint in the light most favorable to the plaintiff. But [a court] do[es] not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." *Id.* at 306–07 (cleaned up).

**A.  Factual Allegations**

On January 17, 2003, the Fishers "entered into a mortgage loan and Deed of Trust for [their home at 531 S. Washington Ave.] with Novastar Mortgage, Inc. in the amount of $131,920.00 to be paid off in monthly payments." Doc. #2 at 6, 9.  "The deed of trust … required Defendants to notify Plaintiffs of default, impending acceleration, and an opportunity to cure." *Id.* at 5.  "The loan was executed to Earl Soloman, Trustee for the use and benefit of Defendant MERS as nominee of the loan." *Id.* at 9.  Subsequently, the loan was "transferred twice … for the financial benefit of (1) Defendant Bank of Mellon, as substitute trustee, and then to (2) Jauregui & Lindsey, LLC" through "digital transactions" and without the Fishers' knowledge. *Id.*

The Fishers "always made their payments" but "finally fell behind in their mortgage." *Id.* at 7.  They "sought a reasonable loan modification" but "were never given the opportunity or given personalized service in order to cure their home mortgage default." *Id.*  "At the same time, they learned the servicer was in the process of dual tracking and working behind the scenes with a non-judicial foreclosure action …." *Id.* at 10.  The Fishers received a "Notice of Sale to be published"

on March 24, 2020, "demanding a full payout of $164,466.36 or foreclosure proceedings would begin." *Id.* The defendants scheduled sale dates on February 26, 2020, and May 20, 2020, but both were canceled due to internal errors. *Id.*

### B. Analysis

The defendants argue the complaint should be dismissed because (1) the Fishers do not have standing to challenge the assignment of the security interest, Doc. #12 at 5; (2) no foreclosure occurred, despite the Fishers defaulting on their payments, *id.* at 6; (3) RESPA does not provide the Fishers with a private cause of action, *id.* at 8; (4) the Fishers failed to plead their fraud claim with the particularity required by Rule 9, *id.* at 9; (5) the Fishers did not plead sufficient facts for their emotional distress claim to survive, *id.* at 10; (6) the Dodd-Frank Act does not provide a private right of action to the Fishers, *id.* at 11; and (7) any claim under TILA is barred by a one-year statute of limitations, *id.* at 12.

In their response to the motion to dismiss, the Fishers fail to address the specific arguments the defendants raise. Instead, the Fishers assert additional factual allegations concerning their belief that "the upcoming foreclosure is based on an outright fraud as well as an unwillingness to negotiate fair modification terms," and present argument and citations to various laws regarding how the Court should approach the motion given their pro se status and the early stage of the proceedings. *See* Doc. #24.

### 1. Federal claims

#### a. RESPA

The Fishers allege the defendants "violated the Real Estate Settlement Procedures Act Early Intervention Requirement (12 C.F.R. § 1024.39)." Doc. #2 at 17. The defendants argue the Fishers do not have a private cause of action under RESPA and, even if they did, they have not

alleged any facts to support such a claim. Doc. #12 at 8.

"Under certain circumstances, [12 C.F.R. § 1024.39] requires the servicer of the loan to make good faith efforts to establish live contact with a delinquent borrower and inform the borrower about the availability of loss mitigation options." *Solis v. U.S. Bank, N.A.*, 726 F. App'x 221, 222–23 (5th Cir. 2018) (cleaned up). The servicer must establish or attempt to establish live contact within 36 days of a borrower's default and must provide written notice within 45 days of the delinquency. 12 C.F.R. § 1024.39. Although some courts have found a private cause of action under this section,[6] the Fifth Circuit has observed that the text of "Section 1024.39 does not explicitly convey a private right of action to borrowers." *Gresham v. Wells Fargo Bank, N.A.*, 642 F. App'x 355, 359 (5th Cir. 2016); *but see Solis*, 726 F. App'x at 223 n.3 (noting that as an unpublished opinion, *Gresham* "is non-precedential").

Even if § 1024.39 provided a private cause of action, such claim would fail here. The Fishers allege that the defendants violated § 1024.39 because the loan servicer did not notify them of their delinquency or establish live contact with them within the requisite number of days. Doc. #2 at 17–18. However, the Fishers do not allege any facts related to when their initial default occurred or the defendants' actions following their initial default to support such a claim. The claim is properly dismissed. *See Gresham*, 642 F. App'x at 359.

#### b. Dodd-Frank Act

The Fishers assert that the defendants "violated the Dodds-Frank [sic] Act of 2010 by not exploring all alternatives to foreclosure, not fulfilling their obligation for loss mitigation and not engaging in a fair review process of the qualified written request for loan modification." Doc. #2 at 20. The defendants argue the Dodd-Frank Act generally does not provide a cause of action by

---

[6] *See, e.g., Vance v. Wells Fargo Bank, N.A.*, 291 F. Supp. 3d 769, 771–73 (W.D. Va. 2018).

borrowers against lenders, and because the complaint "is void of any statutory authority providing

the Plaintiffs with a private right of action" under the Act, such claims must be dismissed.  Doc.

#12 at 11–12.

"With a few narrow exceptions, the Dodd-Frank Act does not provide for a private right of

action by borrowers against lending institutions." *See Abraham v. C/C PHH Mortgage Servs.*, No.

4:19-CV-4158, 2020 WL 826640, at *2 (S.D. Tex. Jan. 29, 2020) (citing *Calhoun v. Stearns*

*Lending, LLC*, No. 4:19-cv-55, 2019 WL 1232862, at *4 (E.D. Tex. Feb. 1, 2019) (collecting

cases)).  In both their complaint and in their response to the motion to dismiss, the Fishers fail to

identify which provision of the Dodd-Frank Act the defendants allegedly violated, fail to argue

that a private right of action exists, and fail to provide any factual allegations regarding the

defendants' alleged violation that would allow the Court to analyze whether a private cause of

action exists.[7]  Given these failures, the claim is due to be dismissed.

### c.   TILA

The Fishers assert the defendants "violated TILA by failing to provide Plaintiffs with

accurate material disclosures required under TILA and not taking into account the intend [sic] of

the State Legislature in approving this statute … to fully inform home buyers of the pros and cons

of adjustable rate mortgages." Doc. #2 at 22.  The defendants argue that the Fishers' TILA claims

should be dismissed because they provide no factual basis for their claims and, because "[a]ny

claim related to material disclosures would necessarily arise from facts that took place in 2003

and/or 2013," the claims are barred by the one-year statute of limitations.  Doc. #12 at 12.

"Congress passed the TILA to assure a meaningful disclosure of credit terms to avoid the

---

[7] To the extent the Fishers rely on the "loss mitigation procedures" established in 12 C.F.R. § 1024.41, the Fishers would have a private right of action available.  *Maddox v. Wells Fargo Bank, N.A.*, 374 F. Supp 3d 146, 150 (D.D.C. 2019).  However, because the Fishers do not allege any facts indicating they submitted a loss mitigation application in accordance with the regulation, dismissal is proper.  *Id.*

uninformed use of credit by consumers." *Suggs v. M & T Bank*, 230 F. Supp. 3d 458, 465 (E.D. Va. 2017) (citing 15 U.S.C. § 1601(a)). "The TILA 'requires creditors to provide borrowers with clear and accurate disclosures of terms dealing with things like finance charges, annual percentage rates of interest, and the borrower's rights.'" *Id.* (quoting *Beach v. Ocwen Fed. Bank*, 523 U.S. 410, 412 (1998)). "[A] plaintiff must bring an action for violation of the TILA within one or three years of the violation, depending on the specific violation." *Id.* at 466 (citing 15 U.S.C. § 1640(e)).

The Fishers do not allege which TILA provision the defendants violated, or which defendants committed the alleged violations. Further, because the Fishers' loan originated in 2003, their deadline to bring a claim under the TILA has long passed.[8] Therefore, they have failed to state a TILA claim and the claim is properly dismissed. *Id.*

## 2. State law claims

Having determined the Fishers' federal claims are due to be dismissed, no federal question remains and it is not apparent from the complaint or notice of removal that the parties are diverse. As such, the Court must decide whether to exercise supplemental jurisdiction over the state law claims. *See Heggemeier v. Caldwell Cnty.*, 826 F.3d 861, 872 (5th Cir. 2016). "The general rule is that a court should decline to exercise jurisdiction over remaining state-law claims when all federal-law claims are eliminated before trial." *Watson v. City of Allen*, 821 F.3d 634, 642 (5th Cir. 2016). However, given the Fishers' pro se status and because, as explained below, they will be permitted to seek leave to amend their complaint, the Court analyzes their state-law claims.

### a. Borrower standing

The defendants argue that "all of the Plaintiffs' claims related to the First Assignment, the

---

[8] The Fishers assert that "[a]ny and all statutes of limitations relating to disclosures and notices required pursuant to 15 U.S.C. Section 1601 were tolled due to Defendants [sic] failure to effectively provide the required disclosures and notices." Doc. #2 at 23. However, "[t]his assertion makes little sense because a violation of the TILA triggers, not tolls, the statute of limitations." *Suggs v. M & T Bank*, 230 F. Supp. 3d 458, 466 n.9 (E.D. Va. 2017).

Second Assignment, MERS involvement in the assignments, or the alleged securitization of the Subject Loan must be dismissed" because a borrower does not have standing to challenge the assignment of the security interest. Doc. #12 at 5.

Under Mississippi law, "a borrower not a party to the assignment of one's security interest has no standing to challenge the assignment of that interest." *Crater v. Bank of New York Mellon*, 203 So. 3d 16, 19 (Miss. Ct. App. 2016). Accordingly, the Fishers' claims challenging the assignment of the Deed of Trust fail. *See id.* (affirming dismissal because borrower lacked standing to challenge assignment of a deed of trust she executed to secure her home loan).

### b. Wrongful foreclosure

The defendants argue the wrongful foreclosure claims must be dismissed because the Fishers admit "they defaulted on their payment obligations, and … no foreclosure sale has taken place." Doc. #12 at 6.

"A mortgagor is entitled to recover damages for a wrongful or fraudulent foreclosure of the mortgage, as where an unlawful foreclosure is attempted solely from a malicious desire to injure the mortgagor; or he may recover damages where the foreclosure is conducted negligently or in bad faith, to his detriment." *Henderson v. Copper Ridge Homes, LLC*, 273 So. 3d 750, 756 (Miss. 2019). When a foreclosure does not actually occur, there cannot be a wrongful foreclosure. *McKinley v. Lamar Bank*, 919 So. 2d 918, 930 (Miss. 2005).

At no point in their complaint do the Fishers allege a foreclosure actually occurred. Accordingly, they have failed to state a claim for wrongful foreclosure.

### c. Fraud

Under the Fishers' "Fraud in the Concealment" claim, they allege the defendants

concealed securitization of the loan and the fact the borrower's loan changed in character in as much as no single party would hold the note but rather the notes

9

would be included in a pool with other notes, split into tranches and multiple investors would effectively buy shares from the income stream of the loans[ and this c]hanging … character of the loan … had a materially negative effect on the Plaintiffs.

Doc. #2 at 18. The defendants argue the complaint "fails to allege any of the particulars of the Plaintiffs' supposed fraud and misrepresentation claims, much less with the level of particularity required by Rule 9." Doc. #12 at 9. In their response, the Fishers recognize "a complaint must specify the who, what, when, where, and how of the misconduct charged" but make no attempt to describe what facts in their complaint satisfy that standard. Doc. #24 at 7.

> For a fraudulent concealment claim, a plaintiff must allege:
>
> (1) a representation, (2) its falsity, (3) its materiality, (4) the speaker's knowledge of its falsity or ignorance of its truth, (5) his intent that it should be acted on by the hearer and in the manner reasonably contemplated, (6) the hearer's ignorance of its falsity, (7) his reliance on its truth, (8) his right to rely thereon, and (9) his consequent and proximate injury. … In order for there to be liability for nondisclosure, silence must relate to a material fact or matter known to the party and as to which it is his legal duty to communicate to the other contracting party. An affirmative act of concealment is necessary.

*Mabus v. St. James Episcopal Church*, 13 So. 3d 260, 264 (Miss. 2009). "State law fraud claims are subject to the heightened pleading requirements of Rule 9(b). To plead fraud adequately, the plaintiff must specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Sullivan v. Leor Energy, LLC*, 600 F.3d 542, 550–51 (5th Cir. 2010) (cleaned up).

Though the Fishers allege that the defendants "concealed securitization of the loan and … the borrower's loan changed in character" and that this "[c]hanging the character of the loan … had a materially negative effect on" them, they fail to allege, among other things, a specific misrepresentation by the defendants, their reliance on a misrepresentation, or what injury they suffered as a result. To the extent this claim is based on omissions by the defendants, the Fishers

10

have failed to allege the defendants had a duty to disclose securitization of the loan. *See Grissom v. Liberty Mut. Fire Ins. Co.*, 678 F.3d 397, 403 (5th Cir. 2012) ("In Mississippi, a claim of fraud by omission arises only where the defendant had a duty to disclose material facts purportedly omitted."). Accordingly, they have failed to state a fraud claim.

### d. Intentional infliction of emotional distress

The defendants argue the Fishers do not have a plausible claim for emotional distress because (1) a foreclosure never occurred; (2) the defendants were legally permitted to foreclose,[9] and the exercising of a legal right cannot be the basis of an emotional distress claim; and (3) the Fishers do not allege they suffered any physical injury resulting from foreclosure. Doc. #12 at 10.

> A claim for intentional infliction of emotional distress requires that (1) the defendant acted willfully or wantonly toward the plaintiff by committing certain described actions; (2) the defendant's acts are ones that evoke outrage or revulsion in civilized society; (3) the acts were directed at, or intended to cause harm to, the plaintiff; (4) the plaintiff suffered severe emotional distress as a direct result of the acts of the defendant; and (5) such resulting emotional distress was foreseeable from the intentional acts of the defendant. The standard for an intentional-infliction-of-emotional-distress claim is whether the defendant's behavior is malicious, intentional, willful, wanton, grossly careless, indifferent, or reckless.

*Jones v. City of Hattiesburg*, 228 So. 3d 816, 819 (Miss. Ct. App. 2017) (internal citations omitted).

The Fishers allege in their complaint that the defendants "fraudulently attempt[ed] to foreclose and set[] a foreclosure sale date on Plaintiffs [sic] property," and in doing so, acted "with the specific intent of inflicting emotional distress" on them. Doc. #2 at 19. They also allege various ways in which they suffered alleged emotional distress.[10] *Id.* However, the complaint, in which the Fishers admit they "fell behind in their mortgage,"[11] does not allege any *facts* showing

---

[9] As mentioned above, the Fishers did not respond to the defendants' specific arguments. They do, however, refer to an "upcoming foreclosure" and admit that they "fell behind in their mortgage." Doc. #24 at 2–3.

[10] *See* Doc. #2 at 19 ("[T]he Plaintiff [sic] has suffered severe emotional distress, including but not limited to lack of sleep, anxiety, lack of appetite, increased physical immobility and depression.").

[11] Doc. #2 at 7.

that a foreclosure actually occurred, that an attempted foreclosure was improper following the

Fishers' default, or that the defendants' actions towards the Fishers following the default were

improper.   Thus, the Fishers have failed to allege the defendants' actions were "sufficiently

outrageous or extreme to state a claim" for intentional infliction of emotional distress.  *See Stewart*

*v. GMAC Mortg., LLC*, No. 2:10-cv-149, 2011 WL 1296887, at *10 (S.D. Miss. Mar. 31, 2011)

(collecting cases).

### 3.   Nature of dismissal

As explained above, the Fishers have failed to state a claim and dismissal is warranted.

The motion to dismiss seeks dismissal of the Fishers' pro se complaint with prejudice.  Doc. #11

at 2.

> When the dismissal of a pro se complaint is appropriate, it should generally be done
> without prejudice in order to allow the plaintiff an opportunity to file an amended
> complaint. However, a district court may dismiss with prejudice if the plaintiff has
> been given adequate opportunity to cure the inadequacies in his pleading or if the
> pleadings demonstrate that the plaintiff has pleaded his best case.

*Alderson v. Concordia Par. Corr. Facility*, 848 F.3d 415, 423 (5th Cir. 2017) (cleaned up).  Given

the reasons for dismissing the TILA claims and dismissing the claims challenging the assignments,

those claims will be dismissed with prejudice.  However, as to the remaining claims, because the

Fishers have not previously amended their complaint and it is not clear they have presented their

best case regarding such claims, dismissal of the remaining claims against the moving defendants

will be without prejudice to the Fishers' seeking leave to file an amended complaint.

### 4.   Novastar

Other than generally referring to the defendants collectively, the Fishers do not specify

which of their claims are asserted against Novastar.  Novastar has not appeared in this action, and

it is unclear whether it has been properly served.  However, the Court concludes that the claims

against Novastar should also be dismissed without prejudice.

"[A] district court may dismiss a claim on its own motion as long as the procedure employed is fair." *Davoodi v. Austin Indep. Sch. Dist.*, 755 F.3d 307, 310 (5th Cir. 2014) (internal quotation marks omitted). Dismissing a complaint without prejudice provides the fair procedure required. *Id.* at 310 n.1. Because the Court's analysis in determining the Fishers' claims are due to be dismissed is not specific to the individual defendants, dismissal of the claims asserted against Novastar is also appropriate.

## IV
## Conclusion

The Fishers' motion for default judgment [27] and motion for entry of default [28] are **DENIED**. The defendants' motion to dismiss [11] is **GRANTED in Part and DENIED in Part**. The motion is GRANTED to the extent it seeks dismissal with prejudice of the TILA claims and dismissal of the claims challenging the assignments, and to the extent it seeks dismissal of all remaining claims. The motion is DENIED to the extent it seeks dismissal with prejudice of all remaining claims. The TILA claims and the claims challenging the assignments are **DISMISSED with prejudice**. The remaining claims against all defendants are **DISMISSED without prejudice**. The Fishers may file a motion to amend their complaint within fourteen (14) days of the entry of this order.

**SO ORDERED**, this 28th day of September, 2021.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**