IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**CORNELIOUS FISHER, and**                                              **PLAINTIFFS**
**ELIZABETH B. FISHER**

**V.**                                                               **NO. 4:21-CV-8-DMB-JMV**

**THE BANK OF MELLON, et al.**                                        **DEFENDANTS**

## ORDER

On September 28, 2021, this Court dismissed Cornelious and Elizabeth Fisher's pro se complaint after finding all the claims they alleged regarding the handling of their home mortgage loan were insufficiently pled. Doc. #30. However, because "it [was] not clear they ha[d] presented their best case regarding" all claims except their TILA claims and claims challenging the assignments, the Court allowed the Fishers a period of time in which to seek leave to amend the complaint. *Id.* at 12–13. After the deadline to seek leave to amend expired, the Court entered a final judgment on October 21, 2021, and closed this case. Doc. #32.

On May 3, 2022, over six months following entry of the judgment, the Fishers filed a "Petition for Emergency Temporary Restraining Order" asking the Court to "forbid[] the Defendants from conducting the foreclosure sale of their home on May 4, 2022." Doc. #33. The Fishers' petition seeking emergency injunctive relief is improperly filed since a final judgment adverse to them was entered in this case long ago. Accordingly, the "Petition for Emergency Temporary Restraining Order" [33] is **DENIED**.[1]

---

[1] Even if the motion was properly filed, it would still be denied. Before granting a temporary restraining order ("TRO"), a court must find, among other things, that the party seeking the TRO has "a substantial likelihood of success on the merits." *Turner v. Epps*, 460 F. App'x 322, 325 n.3 (5th Cir. 2012) (citing *Janvey v. Alguire*, 647 F.3d 585, 595 (5th Cir. 2011)). Because the Court has already determined the Fishers' claims all fail and because there are no additional facts alleged in the TRO motion which change that conclusion and the analysis on which it is based, the Fishers have not shown a likelihood of success on the merits.

**SO ORDERED**, this 3rd day of May, 2022.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**